United States District Court
Southern District of Texas
**ENTERED**
September 21, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERIMY LANDRUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-316 |
| | § | |
| MELVYN H. SCHREIBER and, | § | |
| ETHEL ZAPATA-BLUHM, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Jerimy Landrum is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He sued a prison doctor and nurse, alleging that they were deliberately indifferent to his serious medical needs. The doctor, Melvyn H. Schreiber, moved to dismiss. The other defendant, Ethel Zapata-Bluhm, moved for summary judgment. Landrum did not respond to either motion. Based on the complaint and the defendants' motions, the record and the applicable law, the court grants the motions, and dismisses the complaint with prejudice. The reasons are set out below.

**I.      Background**

Landrum injured his shoulder while playing volleyball at the TDCJ's Estelle Unit. Landrum alleges that Dr. Schreiber, a radiologist working for the TDCJ, misinterpreted an x-ray of his shoulder and misdiagnosed his injury. Dr. Schreiber concluded that he did not suffer a fracture or dislocation. Landrum was issued a sling to immobilize his shoulder, but he alleges that Ethel Zapata-Bluhm took the sling and removed his pain medications three days later. Landrum sues both defendants in their individual capacities, claiming that their actions violated his rights under the Eighth Amendment.

**II.     The Legal Standards for Motion to Dismiss and for Summary Judgment**

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all facts pleaded in the complaint are taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence.  We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.  We do not, however, in the

2

>absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

**III.    Analysis**

Landrum contends that the defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights.  The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  An Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose."  *Id.*  To rise to the level of a constitutional violation, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer*, 511 U.S. at 835. Deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

>Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Reading the allegations against Dr. Schreiber in the light most favorable to Landrum, Landrum contends that Dr. Schreiber reviewed his shoulder x-ray, misinterpreted the x-ray, and

3

therefore misdiagnosed the injury. At most, this alleges that Dr. Schreiber was negligent. Landrum does not allege facts that could support an inference that Dr. Schreiber refused to treat him or intentionally treated him incorrectly. Landrum fails to state a claim for a constitutional violation by Dr. Schreiber.

It is unnecessary to determine whether the allegations concerning the other defendant, Zapata-Bluhm, amount to deliberate indifference. Zapata-Bluhm presents uncontroverted evidence that she was not the nurse who removed Landrum's splint and pain medication. Zapata-Bluhm submitted an affidavit stating that she is a psychiatrist, not a nurse, and that she was never employed at the Estelle Unit. Summary Judgment Motion, (Docket Entry No. 16), Exh. D. Zapata-Bluhm also presented evidence that Landrum was treated by a nurse named Marina Bluhm on the date when the acts alleged in the complaint took place. *Id.*, Exh. A. Marina Bluhm also responded to Landrum's grievance, stating that she "cannot issue Ibuprofen without Dr. orders," Exh. A at 4, suggesting that she, not Dr. Ethel Zapata-Bluhm, is the nurse in question.

The evidence establishes that defendant Zapata-Bluhm did not interact with Landrum and is not the individual who performed the acts alleged in the complaint. Landrum has not stated a claim against Ethel Zapata-Bluhm.

**IV.     Motion to Seal**

Ethel Zapata-Bluhm filed a motion for leave to file Exhibits B and C to her motion for summary judgment under seal. The motion explains that these exhibits include or refer to Landrum's medical records, and that the privacy of these records is protected by federal law. The motion to seal, (Docket Entry No. 15 ), is **granted**. Exhibits B and C to Zapata-Bluhm's motion for summary judgment will remain under seal.

## V.     Conclusion and Order

The motion to dismiss by Melvyn H. Schreiber, (Docket Entry No. 11), and the motion for summary judgment by Ethel Zapata-Bluhm, (Docket Entry No. 16), are **granted**. The complaint, (Docket Entry No. 1), is **dismissed with prejudice** as to both. The motion to seal filed by Dr. Zapata-Bluhm, (Docket Entry No. 15), is **granted**. The motion to stay deadlines by Schreiber, (Docket Entry No. 13), is **denied as moot**.

SIGNED on September 21, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge